IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Petitioner,<br><br>        v.<br><br>GREGORY FRANKS,<br><br>                    Respondent. | 1:14-cv-00259-LJO-SKO<br><br><br>**ORDER GRANTING MOTION TO PERMIT ALTERNATE PROCESS SERVICE** |

## I.  INTRODUCTION

On June 6, 2014, Petitioner United States of America ("Petitioner") filed a Notice and Motion to Permit Alternate Process Service, requesting the Court's permission to serve process upon Respondent Gregory Franks ("Respondent") by means others than those allowed by Fed. R. Civ. P. 4(e). (Doc. 11.) Petitioner seeks leave to serve Respondent by mailing service to: (1) Respondent's residence by both ordinary U.S. Mail and Certified Mail Return Receipt Requested, and (2) Respondent's appointed tax representatives by Certified Mail Return Receipt Requested.

Having determined that this matter is suitable for decision without oral argument pursuant to U.S. District Court for the Eastern District of California's Local Rule 230(g), the hearing set for July 30, 2014, is VACATED. For the reasons set forth below, Petitioner's Motion to Permit Alternate Process Service is GRANTED.

## II. BACKGROUND

On July 18, 2013, the Internal Revenue Service ("IRS") issued a summons to Respondent directing him to appear before a Revenue Officer on August 14, 2013. (Doc. 1.) Respondent did not comply with the summons and failed to appear on August 14, 2013, or otherwise respond to the summons by phone or in writing. (Doc. 1, ¶ 8.) On February 25, 2014, Petitioner filed a petition seeking a court order directing Respondent to show cause why he should not be compelled to comply with and obey the summons. (Doc. 1.)

On March 4, 2014, pursuant to Petitioner's request, the Court ordered Respondent to appear on May 14, 2014, and show cause why he should not be compelled to obey the IRS summons issued on July 18, 2013. The Court required that the Order to Show Cause ("OSC"), along with other relevant documents, be served on Respondent pursuant to Federal Rule of Civil Procedure 4 ("Rule 4"). (Doc. 4.) Petitioner was unable to serve the OSC and other documents on Respondent pursuant to Rule 4 and twice requested continuances of the OSC hearing to accomplish service of the Court's order. (Docs. 5, 7.)

On June 6, 2014, Petitioner filed a Motion to Permit Alternative Process Service because all attempts at service upon Respondent at his residence pursuant to Rule 4 were unsuccessful. (Doc. 11.) Petitioner's motion was set for a hearing on July 9, 2014.

On July 9, 2014, Petitioner appeared for the hearing, but Respondent did not appear. The hearing was continued to July 30, 2014, to allow Petitioner to file a Supplemental Declaration detailing attempts to effect service on Respondent by the federal employees assigned to serve the documents, as set forth in the OSC. The Show Cause Hearing, previously continued to July 30, 2014, was vacated pending filing of Petitioner's Supplemental Declaration. Petitioner filed a Supplemental Declaration detailing the attempts of Revenue Officers to personally serve Respondent on July 10, 2014, at his residence of record. (Docs. 4, 16, 17.) On July 16, 2014, Petitioner filed a second Supplemental Declaration setting forth that on July 8, 2014, Respondent responded in writing to the Revenue Officer's request for information, demonstrating actual notice of this proceeding. (Doc. 19.)

### III. DISCUSSION

Petitioner moves the Court to permit alternate process service through the June 4, 2014, mailing to Respondent's residence via both U.S. Mail and Certified Mail Return Receipt Requested, and the June 5, 2014, mailing to Respondent's appointed tax representatives by Certified Mail Return Receipt Requested. (Doc. 11-1, 2-3.) Petitioner also moves the Court to deem the service completed based on these mailings. (Doc. 11-1.) Respondent did not file an opposition to this motion.

**A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(e), service upon an individual may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The goal of Rule 4 is to "to provide maximum freedom and flexibility in the procedures for giving all defendants ... notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citation omitted). Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

While the Federal Rules "have an application to a summons proceeding," they "are not inflexible." *United States v. Donaldson*, 400 U.S. 517, 528-29 (1971). A district court "may limit their application in a proceeding to enforce a summons, which is intended to be a summary proceeding, so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available." *United States v. Church of Scientology of Cal.*, 520 F.2d 818, 821 (9th Cir. 1975) (quoting *Donaldson*, 400 U.S. at 529).

Federal Rule of Civil Procedure 81(a)(5) gives district courts the discretion in subpoena enforcement proceedings "to tailor the Federal Rules to the particular need and purposes of the proceeding." *United States v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992). Courts have held that Rule 81 provides the Court the authority to allow a less formal service of process than that required under Rule 4. *FTC v. Carter*, 636 F.2d 781, 791 (D.C. Cir. 1980). Rule 81(a)(5) "make[s] application of the rules of civil procedure in subpoena enforcement proceedings discretionary with the district court." *United States v. S.E. First Nat'l Bank of Miami Springs*, 655 F.2d 661, 663 (5th Cir. 1981). "Although the court may resort to the rules whenever it deems them 'helpful,' it need not apply the rules when to do so 'may conflict with the summary determination desired.'" *Id.* (quoting Advisory Committee Notes of 1946).

**B.   Analysis**

The OSC issued by the Court on March 4, 2014, provides in Paragraph 3 as follows:

> To afford the respondent an opportunity to respond to the petition and the petitioner an opportunity to reply, a copy of this order, the Verified Petition and its Exhibit, and the Points and Authorities, shall be served by delivering a copy to the respondent personally, or by leaving a copy at the respondent's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by any other means of service permitted by Fed. R. Civ. P. 4(e), within 21 days of the date this order is served upon the United States.

(Doc. 4, ¶ 3.)   Paragraph 5 elaborates,

> If the federal employee assigned to serve these papers is not reasonably able to serve the papers as provided in paragraph 3, petitioner may request a court order granting leave to serve by other means.   *See* Fed. R. Civ. P. 81(a)(5).

(Doc. 4, ¶ 5.)

After the Court issued the OSC, Revenue Officer ("RO") Michael L. Goode attempted to serve Respondent personally at his residence on March 20, 24, and 25, 2014. (Doc. 17-1, Declaration of Michael Goode ("Goode Decl."), ¶ 2.) On April 29, 2014, in order to allow further attempts to serve Respondent, Petitioner requested its first continuance of the OSC hearing, which was reset to June 4, 2014. (Docs. 5, 6.) On May 1, 2014, RO Michael J. Papasergia spoke with a neighbor of Respondent, who confirmed that Respondent still lived at the address at which Petitioner was attempting to effect service. (Doc. 11-1, Declaration of Paulette Tremblay ("Tremblay Decl."), ¶ 4.)

From May 1, 2014, until May 20, 2014, RO Papasergia attempted personal service at Respondent's residence on 14 separate days, including a weekend, sometimes more than once a day, without success. (Doc. 17, Declaration of Michael Papasergia ("Papasergia Decl."), ¶ 3.)

On June 2, 2014, Petitioner requested a second continuance of the OSC hearing in order to continue attempting to serve Respondent, which was granted. (Doc. 7.)

On June 4, 2014, Paulette Tremblay, a Paralegal Specialist for the U.S. Attorney's Office in Fresno, California, mailed a copy of the OSC and supporting documents to Respondent's residence by ordinary U.S. Mail, and Certified Mail Return Receipt Requested. (Tremblay Decl., ¶ 6.)

On June 5, 2014, Ms. Tremblay mailed a copy of the OSC and supporting documents to Respondent's appointed tax representatives, Richard Halle and Vivian Trueblood, by U.S. Certified Mail. (Tremblay Decl., ¶ 7.)

On June 6, 2014, Petitioner filed this motion, requesting that the Court permit, and deem complete, alternate service of process upon Respondent. (Docs. 11, 11-1.) Petitioner's motion refers to Paragraph 5 of the OSC, which states that "[i]f the federal employee assigned to serve these papers is not reasonably able to serve the papers as provided in paragraph 3, petitioner may request a court order granting leave to serve by other means." (Docs. 4, ¶ 5; 11; 11-1.) Paragraph 3 states that, "[process] shall be served by delivering a copy to the respondent personally, or by leaving a copy at the respondent's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by any other means of service permitted by Fed. R. Civ. P. 4(e), within 21 days of the date this order is served upon the United States." (Doc. 4, ¶ 3.)

Petitioner demonstrates through its declarations that the United States has diligently attempted to serve Respondent pursuant to Rule 4(e). (Docs. 11-1, 17, 17-1.) Revenue Officers attempted to effect personal service upon Respondent at his residence at least 17 times between March and May of 2014. (Goode Decl., ¶ 2; Papasergia Decl., ¶ 3.) At Petitioner's request, on June 3, 2014, the OSC hearing was continued a second time to July 30, 2014, so that Petitioner could continue to attempt to serve Respondent. Following the second continuance of the OSC hearing, on June 4, 2014, Paralegal Tremblay mailed a copy of the OSC and other relevant documents to Respondent by both ordinary and

certified mail at Respondent's residence.[1] On June 5, 2014, Ms. Tremblay also mailed a copy of the documents to Respondent's tax representatives.

On July 8, 2014, Respondent sent a package of documents to RO Papasergia, providing some, but not all, of the documents the summons directed Respondent to produce. (Doc. 19-1, 1.) The return address on the written correspondence from Respondent was the address at which ROs Goode and Papasergia had attempted to serve Respondent in March and May of 2014. (Doc. 19-1, 2.) Respondent's correspondence demonstrates that Respondent has actual knowledge of the proceedings.

Petitioner's mailing of a copy of the OSC and the supporting documents to Respondent's residence and to his tax representatives at least 28 days in advance of the hearing is reasonably calculated to afford Respondent timely actual notice of the OSC proceedings. Additionally, it satisfies the Due Process requirement that service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action, and to afford them an opportunity to present their objections. Further, Respondent's written response and production of some documents demonstrates actual knowledge by Respondent of the proceedings, despite Petitioner's inability to personally serve Respondent at his residence or serve via substituted service as provided in Fed. R. Civ. P. 4.

For the above reasons, Petitioner's motion for alternate process service is GRANTED. However, as the OSC hearing in this matter was vacated to permit Petitioner the opportunity to file a Supplemental Declaration in compliance with the OSC, the OSC hearing shall be reset. To comply with Local Rule 230, Petitioner must serve a copy of the OSC upon Respondent, including notice of the new OSC hearing date, at least 28 days in advance of the hearing. *See* Local Rule 230. Accordingly, the Court DENIES Petitioner's request that service of the OSC and supporting documents be deemed complete based on the June 4, 2014, and June 5, 2014, mailings to Respondent.

//

//

//

---

[1] The documents mailed to Respondent included (1) Petitioner's Verified Petition; (2) Petitioner's Memorandum of Points and Authorities in support of the Verified petition; (3) the Court's March 4, 2014, OSC; the Court's Ordering continuing the OSC hearing to June 4, 2014; and (5) the Court's order continuing the order to show cause hearing to July 30, 2014. (Docs. 9, 10.)

### IV.    CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's Motion to Permit Alternative Process Service is GRANTED;

2. The OSC Hearing is RESET to August 20, 2014, at 9:30 a.m. in Courtroom 7;

3. Within two (2) days of this order, Petitioner shall serve Respondent by mail with the following documents:

    a. A copy of the original OSC issued on March 4, 2014 (Doc. 4);

    b. A notice of the new August 20, 2014, OSC hearing date;

    c. A copy of this order;

    d. The Verified Petition, its Exhibit, and supporting Points and Authorities; and

4. A Certificate of Service establishing service of these documents shall be filed by Petitioner no later than July 25, 2014.

IT IS SO ORDERED.

Dated:   **July 21, 2014**                    **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE