IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>GREGORY FRANKS,<br><br>　　　　　　　　Respondent. | **1:14-cv-00259-LJO-SKO**<br><br><br>**ORDER VACATING SHOW CAUSE HEARING** |

**INTRODUCTION**

On June 6, 2014, Petitioner United States of America ("Petitioner") filed a Notice and Motion to Permit Alternate Process Service, requesting the Court's permission to serve an order to show cause ("OSC") and supporting documents upon Respondent Gregory Franks ("Respondent") by means other than those allowed by Fed. R. Civ. P. 4(e).[1] (Doc. 11.) On July 21, 2014, this Court issued an order granting Petitioner's motion. (Doc. 21.) The order specified that within two (2) days from the date of the order, Petitioner was to serve Respondent with the OSC and other relevant documents by mail. (Doc. 21, 7.) In addition, Petitioner was ordered to file a Certificate of Service establishing service of

---

[1] The documents to be served on Respondent included (1) Petitioner's Verified Petition; (2) Petitioner's Memorandum of Points and Authorities in support of the Verified petition; (3) the Court's March 4, 2014, OSC and the Court's Ordering continuing the OSC hearing to June 4, 2014; and (5) the Court's order continuing the order to show cause hearing to July 30, 2014. (Docs. 9, 10.)

1

these documents by no later than July 25, 2014.  (Doc. 21, 7.)  Petitioner mailed the documents to Respondent on July 25, 2014, and filed a Certificate of Service on July 28, 2014.  (Doc. 22.)

For the reasons discussed below, the Show Cause hearing set for August 20, 2014, is VACATED.

## BACKGROUND

On July 18, 2013, the Internal Revenue Service ("IRS") issued a summons to Respondent directing him to appear before a Revenue Officer on August 14, 2013.  (Doc. 1.)  Respondent did not comply with the summons and failed to appear on August 14, 2013, or otherwise respond to the summons by phone or in writing.  (Doc. 1, ¶ 8.)  On February 25, 2014, Petitioner filed a petition seeking a court order directing Respondent to show cause why he should not be compelled to comply with and obey the summons.  (Doc. 1.)

On March 4, 2014, pursuant to Petitioner's request, the Court ordered Respondent to appear on May 14, 2014, and show cause why he should not be compelled to obey the IRS summons issued on July 18, 2013.  The Court required that the Order to Show Cause ("OSC"), along with other relevant documents, be served on Respondent pursuant to Federal Rule of Civil Procedure 4 ("Rule 4").  (Doc. 4.)  Petitioner was unable to serve the OSC and other documents on Respondent pursuant to Rule 4 and twice requested continuances of the OSC hearing to accomplish service of the Court's order.  (Docs. 5, 7.)

On June 6, 2014, Petitioner filed a Motion to Permit Alternative Process Service because all attempts at service upon Respondent at his residence pursuant to Rule 4 were unsuccessful.  (Doc. 11.)  Petitioner's motion was set for a hearing on July 9, 2014.

On July 9, 2014, Petitioner appeared for the hearing; Respondent did not appear.  The hearing was continued to July 30, 2014, to allow Petitioner to file a Supplemental Declaration detailing attempts to effect service on Respondent by the federal employees assigned to serve the documents, as set forth in the OSC.  The Show Cause Hearing, previously continued to July 30, 2014, was vacated pending filing of Petitioner's Supplemental Declaration.  On July 10, 2014, Petitioner filed a Supplemental Declaration detailing the attempts of Revenue Officers to personally serve Respondent at his residence of record. (Docs. 4, 16, 17.)  On July 16, 2014, Petitioner filed a second Supplemental Declaration setting forth

2

that on July 8, 2014, Respondent responded in writing to the Revenue Officer's request for information, demonstrating actual notice of this proceeding. (Doc. 19.)

On July 21, 2014, the Court issued an order granting Petitioner's motion, permitting Petitioner to serve Respondent by mailing service to: (1) Respondent's residence by both ordinary U.S. Mail and Certified Mail Return Receipt Requested, and (2) Respondent's appointed tax representatives by Certified Mail Return Receipt Requested. (Doc. 21.) The Court vacated the OSC hearing scheduled for July 30, 2014, and reset it for August 20, 2014, so Petitioner could serve Respondent in compliance with Local Rule 230. Local Rule 230 provides in relevant part: "[t]he matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard not less than twenty-eight (28) days *after service and filing* of the motion." Local Rules of the United States District Court, Eastern District of California, R. 230(b) (emphasis added). The Court's July 21, 2014, order specified that "[t]o comply with Local Rule 230, Petitioner must serve a copy of the OSC upon Respondent, including notice of the new OSC hearing date, at least 28 days in advance of the hearing."

**DISCUSSION**

The Certificate of Service filed with the Court on July 28, 2014, shows that Petitioner mailed the OSC and other relevant documents to Respondent on July 25, 2014. (Doc. 22.) However, Petitioner's service was defective in several regards: (1) July 25, 2014, was four days after the Court issued the order granting alternate service, rather than two days, as required by the order; (2) Petitioner did not mail the documents via Certified Mail Return Receipt Requested in addition to regular U.S. mail, as proposed in Petitioner's Motion and approved in the Court's order; (3) Petitioner did not mail the documents to Respondent's appointed tax representatives (Certified Mail Return Receipt Requested), as proposed in Petitioner's Motion and approved in the Court's order; and (4) July 25, 2014, was only 26 days prior to the August 20, 2014, hearing date, two days less than the 28 days required by Local Rule 230. (Doc. 22.) In sum, service of the documents was untimely and defective.

Because the documents were not timely served, Respondent was deprived of an adequate opportunity to respond. The Court's order granting alternative service specified that, "Petitioner's mailing of a copy of the OSC and the supporting documents to Respondent's residence and to his tax

3

representatives at least 28 days in advance of the hearing is reasonably calculated to afford Respondent timely actual notice of the OSC proceedings.  Additionally, it satisfies the Due Process requirement that service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action, and to afford them an opportunity to present their objections." (Doc. 21, 6.)   Because service of the documents was not made at least 28 days prior to the hearing, such service did not provide Respondent adequate notice and an opportunity to respond.

For the reasons set forth above, the OSC hearing scheduled for August 20, 2014, is VACATED.  To proceed with enforcement of the summons, Petitioner must file a revised proposed OSC that sets a hearing date that permits sufficient time for the Court to issue the order to show cause and time to serve Respondent with the OSC and additional relevant documents.  Also, Petitioner must serve Respondent in the manner approved in the July 21, 2014, order, by mailing the OSC and relevant documents to: (1) Respondent's residence by both ordinary U.S. Mail and Certified Mail Return Receipt Requested, and (2) Respondent's appointed tax representatives by Certified Mail Return Receipt Requested, as granted in the previous order.

**ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The OSC Hearing scheduled for August 20, 2014, is VACATED;

2. To seek enforcement of the IRS summons, Petitioner must re-file the proposed OSC;

3. Any hearing date proposed by Petitioner for an enforcement hearing on the OSC must provide adequate time for the Court to issue the proposed OSC and for Petitioner to serve Respondent with the OSC and supporting documents; and

4. If Petitioner seeks to employ alternate service based on Petitioner's prior showing, Petitioner must serve Respondent in the manner specified in the July 21, 2014, order.

IT IS SO ORDERED.

Dated:   **August 5, 2014**                    **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE